Yongmoon Kim
KIM LAW FIRM LLC
411 Hackensack Avenue 2nd Floor
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
ykim@kimlf.com
*Attorneys for Plaintiff, on behalf of herself
and those similarly situated*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PAOLA PAZYMINO, *on behalf of herself and those similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>SELIP & STYLIANOU, LLP; RICHARD S. EICHENBAUM and JOHN DOES 1 to 10,<br><br>Defendants. | **CLASS ACTION COMPLAINT** |

Plaintiff, Paola Pazymino, individually and on behalf of all others similarly situated, by way of Class Action Complaint against Defendants, Selip & Stylianou, LLP; Richard S. Eichenbaum, and John Does 1 to 10 states:

**I.   NATURE OF THE ACTION**

1. This action for statutory damages arises from the Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

2. As described more fully below, Defendants violated the FDCPA by failing to inform Plaintiff and other New Jersey consumers that the accounts would increase due to interest, costs or other charges and that the balances stated in the collection letters were not a static amount.

## II.     JURISDICTION AND VENUE

3.     This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4.     Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage, as Defendants regularly do business in this district.

## III.    PARTIES

5.     Plaintiff, Paola Pazymino ("Pazymino"), is a natural person residing in Bergen County, New Jersey.

6.     Defendant, Selip & Stylianou, LLP ("S&S"), is a collection law firm with an office located at 199 Crossways Park Drive, Woodbury, New York 11797.

7.     Defendant, Richard S. Eichenbaum ("Eichenbaum"), is an attorney-at-law of the State of New Jersey engaged in the practice of law as a principal attorney and managing partner of S&S.

8.     The Plaintiff is informed and believes, and on that basis alleges, that Defendants John Does 1 to 10 are natural persons and/or business entities all of whom reside or are located within the United States and personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of Defendants that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by Defendants and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

9.     In this pleading, "Defendants" in the plural refers to all Defendants.

## IV.    FACTS

10. Defendants are not in the business of extending credit, selling goods or services to consumers.

11. Defendants regularly collect or attempt to collect past-due and defaulted debts of natural persons allegedly owed to others which were incurred primarily for personal, family or household purposes.

12. The principal purpose of Defendants is the collection of defaulted debts.

13. When attempting to collect debts, Defendants use the mails, telephone, the internet and other instruments of interstate commerce.

14. Defendants file thousands if not tens of thousands of collection lawsuits in the State of New Jersey.

15. Defendants have asserted that Plaintiff incurred or owed a certain financial obligation arising from an account originating from Synchrony Bank ("Debt" or "Account").

16. The Debt arose from one or more transactions which were primarily for Plaintiff's personal, family, or household purposes.

17. The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

18. Defendants contend that the Account was past-due and in default.

19. The Account was past-due and in default when it was, either directly or through intermediate transactions, assigned, placed, or transferred to S&S for collection.

20. At all times relevant hereto, S&S acted in an attempt to collect the Debt.

21. In an attempt to collect the Debt, Defendants mailed collection letters to Plaintiff on January 7, 2016 and on July 20, 2016. ("S&S Letters").

22. A true copy of the S&S Letters, but with redactions, is attached as **_Exhibit A_**.

23. On information and belief, the S&S Letters are mass-produced, computer-generated, form letters that are prepared by the Defendants and mailed to consumers in the State of New Jersey, such as Plaintiff, from whom they are attempting to collect a debt.

24. Plaintiff received and reviewed the S&S Letters, which bears S&S's law firm letterhead.

25. Upon information and belief, S&S maintains a procedure where only non-attorneys systematically review and input information in collection letters prior to sending the collection letters.

26. Upon information and belief, no attorneys independently reviewed or evaluated or exercised professional judgment regarding the accuracy and the merits of the Account prior to sending the S&S Letters.

27. Defendants failed to disclose that the balance was accruing interest on a daily basis which the Defendants would attempt to collect in the future.

28. The S&S Letters do not disclose that, since the Account is continuing to accrue interest, costs and other charges, the balance might be greater on the later date Plaintiff makes a payment.

29. The S&S Letters fail to disclose that Defendants would be attempting to collect the additional interest, costs and other charges which continue to accrue.

30. The least sophisticated consumer would be uncertain as to whether the current balance was continuing to accrue interest, costs or other charges because there was no disclosure that the balance would continue to accrue interest, costs or other charges.

31. In the January 7, 2016 collection letter, Defendants represented that the balance due was $574.93.

32. However, the balance of the Account increased to $658.43 on July 20, 2016; as evidenced by the July 20, 2016 collection letter.

33. The S&S Letters failed to clearly and accurately state the amount of the debt as required by the FDCPA.

34. "Because the statement of an amount due, without notice that the amount is already increasing due to accruing interest or other charges, can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, . . . the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees."[1]

35. Defendants used the same procedures used in failing to inform Plaintiff that the Account was continuing to accrue interest, costs and other charges, that the balances stated in the S&S Letters were not a static amount, and that the balances stated on the letters included additional interest and amounts, in their attempts to collect debts from numerous other New Jersey consumers.

36. Defendants used the same procedures used in stating the incorrect balance to Plaintiff, in their attempts to collect debts from numerous other New Jersey consumers.

37. During the relevant time period, Defendants used the same unlawful procedures in their attempts to collect debts from numerous New Jersey consumers.

38. It is the Defendants' policy and practice to fail to disclose that the balances are continuing to accrue interest, to fail to disclose the balances stated in the letters are not a static

---

[1] *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 76 (2d Cir. 2016); *see also Douglass v. Forster & Garbus LLP*, No. 16-CV-6487, 2016 U.S. Dist. LEXIS 148351 (W.D.N.Y. Oct. 26, 2016).

amount, to fail to disclose the balances stated on the letters included additional interest, costs and other amounts, and to fail to disclose the correct balance; which is an unfair, unconscionable, false, deceptive and misleading practice violative of the FDCPA.

## V.     CLASS ACTION ALLEGATIONS

39. Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

40. Subject to discovery and further investigation which may cause Plaintiff to modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of a Class initially defined as follows:

> All natural persons with an address in the State of New Jersey to whom, from January 6, 2016 through the final resolution of this case, Selip & Stylianou, LLP sent one or more letter(s) in attempts to collect consumer debts which failed to disclose that the alleged accounts were continuing to accrue interest, costs, other charges or otherwise increase.

41. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

42. The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

43. There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals, including but not limited to:

> A. Whether Defendants are debt collectors under the FDCPA;
>
> B. Whether Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f by failing to disclose that the balances were accruing interest, costs or other charges; by failing to itemize and identify which amounts were principal, interest and fees; by failing to clearly and accurately state the amount of the alleged debts; and

        C.    Whether Plaintiff and the Class are entitled to statutory damages.

44. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

45. Plaintiff's claims are typical of the claims of the members of the Class.

46. The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

47. Plaintiff does not have interests antagonistic to those of the Class.

48. The Class, of which Plaintiff is a member, is readily identifiable.

49. Plaintiff will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling consumer and other complex litigation, and claims of the type asserted in this action.

50. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

51. Plaintiff does not anticipate any difficulty in the management of this litigation.

## VI. FIRST COUNT: VIOLATIONS OF THE FDCPA

52. Plaintiff, on behalf of himself and others similarly situated, reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

53. Plaintiff and those similarly situated are "consumers" as defined by 15 U.S.C. § 1692a(3) because they are natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

54. The debts alleged to be owed by the Plaintiff and those similarly situated are consumer "debts" as defined by 15 U.S.C. § 1692a(5).

55. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

56. The S&S Letters, a copy of which appear as Exhibit A, are "communications" as defined by 15 U.S.C. § 1692a(2).

57. The letters, which are the same or similar in form to Exhibit A, sent by Defendants to New Jersey consumers are "communications" pursuant to 15 U.S.C. § 1692a(2).

58. The S&S Letters and letters that are the same and similar in form were sent by Defendants to Plaintiff and those similarly situated in an attempt to collect the debts.

59. Defendants' use of the written communication in the form attached as Exhibit A sent to Plaintiff and those similarly situated, violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3), 1692e(10) and 1692f of the FDCPA.

60. The violations of the FDCPA described herein constitute *per se* violations.

61.     Based on any one or more of those violations, Defendants are liable to Plaintiff and those similarly situated for damages, attorney's fees and costs.

## VII.     PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Paola Pazymino, on behalf of herself and others similarly situated, demands judgment against Defendants, Selip & Stylianou, LLP and Richard S. Eichenbaum, as follows:

A.     For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the attorneys of Kim Law Firm LLC as class counsel;

B.     For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

C.     For statutory damages in favor of the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D.     For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

E.     For pre-judgment and post-judgment interest; and

F.     For such other and further relief as the Court deems equitable and just.

## VIII.     JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## IX.     CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated: January 6, 2017

KIM LAW FIRM LLC

*s/ Yongmoon Kim*
Yongmoon Kim, Esq.
*Attorneys for Plaintiff on behalf of herself and those similarly situated*